PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY BLAIR, | ) | |
| | ) | CASE NO. 4:11CV1189 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| F.C.I. WARDEN ROBERT L. FARLEY, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondent. | ) | **AND ORDER** |

Before the Court is Petitioner *pro se* Terry Blair's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), filed on June 9, 2011. Petitioner, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton"), names F.C.I. Elkton Warden Robert L. Farley as Respondent. Petitioner seeks the removal of a detainer lodged against him by the State of Ohio that he terms cruel and unusual punishment.

**I. Background**

In June 2008, Petitioner was charged in the Northern District of West Virginia, *inter alia*, with knowingly, intentionally and without authority distributing, within 1000 feet of a public elementary school, 1.5 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 21 U.S.C. § 860. See *United States v. Blair*, No. 5:08CR34 (N.D. WV filed June 3, 2008). A warrant for his arrest was issued on that same date by United States Magistrate Judge James E. Seibert. Petitioner was subsequently arrested by the United States Marshal Service in the Northern District of Ohio. See *United States v. Blair*, No. 1:08mj2067 (N.D.

(4:11CV1189)

Ohio filed July 2, 2008) (McHargh, M.J.)  Consistent with Fed. R. Crim. P. 5(c)(3), Petitioner was brought before United States Magistrate Judge Kenneth S. McHargh for initial appearance proceedings.  Petitioner waived his right to an identity hearing as well as his right to a detention hearing.  Magistrate Judge McHargh ordered the U.S. Marshal to transport Petitioner to the charging district court in West Virginia.  See ECF No. 5 in Case No. 1:08mj2067.

Petitioner entered a guilty plea to the federal charges.  The court sentenced him to a term of 100 months on September 24, 2008.  According to the Bureau of Prisons ("BOP") website,[1] Petitioner is due to be released from federal prison on April 13, 2013.

Petitioner states that after his federal sentence commenced, a writ of habeas corpus *ad prosequendum* was issued for his appearance to face drug possession charges in the Cuyahoga County, Ohio Court of Common Pleas.  See ECF No. 1 at 2.  On February 25, 2009, Petitioner was brought before Common Pleas Judge Brian J. Corrigan to enter his guilty plea to drug possession.  See *State of Ohio v. Blair*, No. CR-08-514732-A (Cuy. Cty. 2008).  Judge Corrigan imposed a prison term of 10 months to be served at the Lorain Correctional Institution, but concurrent with Petitioner's unexpired federal sentence.  See ECF No. 1-1.  Petitioner was thereafter transported back to federal prison.

The Cuyahoga County, Ohio Sheriff's Office sent a Detainer regarding Petitioner, dated March 3, 2009, to the Records department at F.C.I. Elkton.[2]  The detainer requested two weeks

---

[1] http://www.bop.gov

[2] A barely legible highlighted note, typed just to the left and above the signature line of the Detainer, states:  "This detainer to stay in place until 12/3/09 at which time his

(continued...)

(4:11CV1189)

notice prior to Petitioner's release from federal prison in order for the County to arrange to assume custody of him. Petitioner states "a detainer was placed against [him] and then removed." ECF No. 1 at 2. When Petitioner was subsequently denied participation in certain prison programs, he discovered the detainer was reinstated. He now seeks this Court's intervention to remove the detainer.[3]

## II. Analysis

Petitioner asserts his state sentence expired on December 3, 2009." ECF No. 1 at 5. As such, he complains the detainer is denying him the opportunity to participate in a Residential Drug Treatment Program, which may entitle him to additional benefits under the Second Chance Act of 2007. ECF No. 1 at 3. Citing *Witley v. Albers*, 475 U.S. 312 (1986), Petitioner argues that the reinstatement of the detainer subjects him to cruel and unusual punishment in violation of the Eighth Amendment. ECF No. 1 at 3. Petitioner argues "the legislative body" is limited under the Eighth Amendment in the extent to which it may impose additional punishment on a person convicted of a crime. He claims his Eighth Amendment rights are being violated because the detainer is causing reckless and deliberate suffering. ECF No. 1 at 3.

---

[2](...continued)
time with [sic] will be finished." ECF No. 1-2. Petitioner does not comment on this notation in his Petition.

[3] The Court notes that the Cuyahoga County Court of Common Pleas docket for *State of Ohio v. Blair*, No. CR-08-514732-A (Cuy. Cty. 2008) indicates that Petitioner's June 7, 2011 Motion for Removal of Detainer was granted on August 30, 2011. Any detainers previously filed or that were on file as of August 30, 2011 were rescinded with respect to No. CR-08-514732-A only.

3

(4:11CV1189)

Petitioner claims it would be futile to exhaust his administrative remedies based on *Pimentel v. Gonzales*, 367 F. Supp.2d 365 (E.D.N.Y. 2005). Moreover, he cites *United States v. Koufos*, 280 F.Supp.2d 647 (W.D. Ky 2003), as dispositive legal authority on detainers which entitles him to immediate relief. ECF No. 1 at 4. He does not, however, provide any details regarding his attempts or efforts to resolve the matter with F.C.I. Elkton. The Court infers from, this that Petitioner has not even attempted to exhaust his administrative remedies.

### III.  28 U.S.C. § 2241

Claims seeking to challenge the execution or manner in which a sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). While this Court has personal jurisdiction over Petitioner's custodian, the Court declines to address the Petition on the merits because Petitioner has not exhausted his administrative remedies. *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981).

The Sixth Circuit has explained that it is only after a federal prisoner seeking § 2241 relief has sought and exhausted administrative remedies pursuant to 28 C.F.R. §§ 542.10-16 that he may then seek § 2241 judicial review. *United States v. Oglesby*, 52 Fed.Appx. 712, 714 (6th Cir. 2002) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992)). Unlike a Prison Litigation Reform Act imposed exhaustion requirement, the judicially created administrative remedy exhaustion requirement does permit waiver of further exhaustion in the face of futility. *Aron v. LaManna*, 4 Fed.Appx. 232, 233 (6th Cir. 2001) (citing *McKart v. United States*, 395 U.S. 185, 200 (1969)).

4

(4:11CV1189)

Despite Petitioner's citation to two district court cases regarding the futility of exhaustion and lifting of detainers, he is not entitled to a waiver of the exhaustion process. In *Pimental v. Gonzales*, 367 F.Supp.2d 365 (E.D.N.Y. 2005), the district court's decision to waive exhaustion was premised on the petitioner's challenge to a BOP policy regarding the limited placement of prisoners in Community Correction Centers (C.C.C.).[4] That policy generated numerous legal challenges from inmates across the country who previously would have been eligible for C.C.C. placement. At the point the petitioner filed his claim in *Pimental*, the BOP's December 2002 Policy had been challenged through the administrative process on numerous occasions; thus, any further exhaustion by Pimental would have been futile. That is not the case here.

Without addressing the merits of Petitioner's claim, he is not entitled to waive exhaustion based solely on the nature of his claim. In citing *United States v. Koufos*, 280 F.Supp.2d 647 (W.D. Ky 2003) in "support of the petitioner's entire claim" (ECF No. 1 at 4), he suggests that the negative impact of detainers, alone, warrants immediate redress. Unlike *Koufos*, however, Petitioner's detainer was not lodged pursuant to the Interstate Agreement on Detainers ("IAD"), 18 U.S.C. App. 2, § 2, Art. III. The protections afforded under the IAD are not triggered unless the state issuing the detainer has untried charges pending against the prisoner. *See United States v. Mauro*, 436 U.S. 340, 343-44 (1978); *Browning v. Foltz,* 837 F.2d 276, 283 (6th Cir. 1988).

---

[4] The *Pimental* court reasoned that because the requirement is "not statutory, courts have frequently waived exhaustion requirements in Section 2241 challenges to the December 2002 Policy on the grounds that exhaustion would be futile." *Pimental,* 367 F. Supp.2d at 371.

(4:11CV1189)

Petitioner has pled guilty and been sentenced on the charges which form the basis of his detainer. Therefore, the protections afforded under the IAD do not apply here.

As a matter of course, "the Bureau of Prisons should be given the opportunity to consider the application of its policy to [petitioner's] claim before the matter is litigated in the federal courts." *Urbina v. Thoms*, 270 F.3d 292, 295 n. 1 (6th Cir. 2001) (quoting *Taylor v. United States*, No. 95-5150, 1995 WL 460512, at *3 (6th Cir. Aug. 2, 1995)). The purpose of the exhaustion doctrine is to allow the administrative agency in question to exercise its expertise over the subject matter and to permit the agency an opportunity to correct any mistakes that may have occurred during the proceeding, thus avoiding unnecessary or premature judicial intervention into the administrative process. *See*, *e.g.*, *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975). Petitioner has not demonstrated his entitlement to waive exhaustion of his administrative remedies, and this alone requires dismissal of the instant petition without prejudice. *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981).

## IV. Conclusion

Based on the foregoing, this action is dismissed without prejudice for Petitioner's failure to exhaust administrative remedies. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[5]

---

[5] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.

(4:11CV1189)

       IT IS SO ORDERED.

|  November 29, 2011  |  */s/ Benita Y. Pearson*  |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |